The Honorable Marian D. Owens State Representative P.O. Box 449 Warren, AR 71671-0449
Dear Representative Owens:
This is in response to your request for an opinion regarding A.C.A. § 6-12-102(b) (1987). You have set forth the factual basis for your question as follows:
 Calhoun County has only one school district, the Hampton School District, which is administered in the County. The Hampton School Board is the only local school board which governs in this county. However, portions of Calhoun County comprise some of the other school districts which are administered from other counties. These districts include Bearden and Fordyce. Calhoun County currently has the Hampton School Board and the Hampton County Board of Education.
Your question, under this statute, is whether the Hampton School Board should function as the only county board of education for Calhoun County.
Based upon the above set of facts, it is my opinion that the board of directors of the Hampton School District should act as the county board of education in accordance with § 6-12-102(b), which states:
 In counties having only one (1) school district, the board of directors of that district shall act as the county board of education.
You have indicated that the Hampton School District is the only district administered in Calhoun County, but that portions of districts administered from other counties are located in Calhoun County. This set of facts does not, in my opinion, compel a different result under § 6-12-102(b). A review of Title 6 of the Arkansas Code compels the conclusion that the reference to counties "having only one (1) school district" means those counties administering only one district. Perhaps the best illustration of the recognized distinction between a county that contains a portion of a district and the county that administers a district is found in the school election law governing polling places. Arkansas Code Annotated § 6-14-106 (1987) states, under subsection (a), that the county board of election commissioners of each county shall designate the polling places for ". . . each school district in its respective county, including districts having territory in more than one (1) county but which are domiciled in its county for administrative purposes. . . ." Seealso subsections (b) and (c) of § 6-14-106. It is clear under this Code section that a school district with territory in more than one county is considered to be "in" the county in which it is domiciled. The fact that a school district is considered "in" or "of" the county in which it is "domiciled" is also reflected in A.C.A. § 6-13-102 (1987), which states under subsection (b):
 The county board of education in naming school districts shall name them, ". . . School District No. . . . . . . . . . . of . . . . . . . . . County," giving each district a name and showing the name of the county in which situated, and if it has territory in more than one (1) county, then the name of the county that is the domicile of the district.
The word "domicile" in this context may reasonably be construed to mean "corporate domicile,"[1] which is defined inBlack's Law Dictionary (5th ed. 1979) at 435 as the `[p]lace considered by law as center of corporate affairs and place where its functions are discharged."
I cannot conclude, in light of these provisions, that a county does not meet the criteria of § 6-12-102(b), that is, it is a county "having [more than] one (1) school district," merely by virtue of the fact that portions of a district administered from another county are located in the county. Rather, it is my opinion that Calhoun County is a county "having only one (1) school district" if the affairs of only one district are discharged, i.e., administered, in the county. The legislature has apparently determined that there is no need for a county board of education in that instance, presumably because the county board would only be administering that one district.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Each school district in the state is a "body corporate," may contract and be contracted with, and may sue and be sued in its corporate name. A.C.A. § 6-13-102(a) (1987).